Voss v City of New York (2023 NY Slip Op 00751)

Voss v City of New York

2023 NY Slip Op 00751

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 156741/17 Appeal No. 17268 Case No. 2022-01070 

[*1]Lara Voss et al., Plaintiffs-Appellants,
v
The City of New York et al., Defendants-Respondents.

Zalman Schnurman & Miner, P.C., New York (Marc H. Miner of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered March 1, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this action in which infant plaintiff was injured when he fell on the rock formation known as "Umpire Rock" located near Hecksler Playground in Central Park, the court correctly granted defendants' motion for summary judgment dismissing the complaint. A landowner's duty to take reasonable precautions does not extend to natural geographic phenomena that are open and obvious conditions and that, like the condition here, "can readily be observed by those employing the reasonable use of their senses" (Torres v City of New York, 104 AD3d 593, 593-594 [1st Dept 2013] [internal quotation marks omitted]; see Tushaj v City of New York, 258 AD2d 283, 284 [1st Dept 1999], lv denied 93 NY2d 818 [1999]). Defendants established prima facie entitlement to summary relief by demonstrating that the condition of the rock was an open and obvious natural feature of the landscape, readily observable by the reasonable use of one's senses for which defendants did not owe plaintiffs a duty of care. Defendants had no duty to enclose Umpire Rock or warn against its obvious elevated steep side.
Unlike in the cases relied upon by plaintiffs, the condition was not manmade (seeAberger v Camp Loyaltown, Inc., 193 AD3d 195 [1st Dept 2021]), or a latent defect, not readily apparent to the public, which required a duty to warn (see Morell v Peekskill Ranch, 64 NY2d 859 [1985]). Plaintiffs' expert's contention that the playground design should have incorporated a protective barrier to prevent free access from the composite play structure onto Umpire Rock, did not raise an issue of fact on this record since there was no duty of care owed under the circumstances. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023